UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAUREN C. MAGGI,<br>    Plaintiff, | CIVIL ACTION: 03-0768 |
| VERSUS | JUDGE DONALD E. WALTER |
| WOMEN'S COLLEGE HOSPITAL,<br>SUNNYBROOK HOSPITAL, SERGE<br>SHAPIRO, KOFI AMANKWA, ANITA<br>STANLEY, ANNE THOMPSON,<br>    Defendants. | |

## MEMORANDUM RULING

Before the Court is Defendants' Motion to Dismiss for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(2), filed on behalf of Women's College Hospital, Sunnybrook Hospital, Serge Shapiro, Kofi Amankwa, Anita Stanley, and Anne Thompson [Doc. # 27]. In the alternative, Defendants move to dismiss Plaintiff's cause of action due to forum non conveniens. Plaintiff opposes this motion. Oral arguments were heard by the Honorable Howard G. Munson on February 13, 2004. For the reasons assigned herein, Defendants' Motion to Dismiss is **GRANTED**, and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE**.

## STATEMENT OF THE CASE

Plaintiff, Lauren Maggi, brings this cause of action against Defendants alleging negligence, false imprisonment, negligent infliction of emotional distress, and spoilation of evidence. Plaintiff's claims arise from the birth of her child at Women's College Hospital /

1

Sunnybrook Hospital ("the hospital") in Toronto, Ontario, Canada, in August 1999.[1] Plaintiff alleges that an acquaintance falsely informed hospital officials that Plaintiff indicated she wished to harm or kill her newborn child. Plaintiff claims that after receiving this information the Defendants engaged in the following tortious acts: (1) falsely accusing Plaintiff of making the statement; (2) recording the false statement in Plaintiff's medical record; (3) wrongfully confining Plaintiff to her hospital room for two days; (4) contacting the local child protective services, resulting in the loss of legal custody of the child; (5) repeating the false statement to Plaintiff's father against her wishes, resulting in severe emotional distress; (6) depriving Plaintiff access to her medical record; (7) spoiling evidence by removing and destroying portions of Plaintiff's medical record that would prove Plaintiff did not state she wished to harm her newborn child; (8) breaching a duty to accurately maintain her medical record; and (9) sending a copy of her child's medical record containing the false statement to a pediatrician in New York, resulting in embarrassment and emotional distress.

## LAW AND ANALYSIS

Defendants move this Court to dismiss Plaintiff's cause of action for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(2). As in this instance, when a Court has chosen not to conduct an evidentiary hearing on the motion Plaintiff need only make a prima facie showing of jurisdiction through her own pleadings, affidavits, and supporting materials. Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784 (2d Cir. 1999). This Court must construe the pleadings and affidavits in a light most favorable to

---

[1] Sunnybrook Health Sciences Centre and Women's College Hospital merged into a single entity prior to the events alleged in this complaint. See Declaration of Michael Young ¶ 2.

2

Plaintiff. CutCo Industries, Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986). The scope of a federal court's personal jurisdiction is determined by the law of the state in which the district court is located. Thomas v. Ashcroft, 470 F.3d 491, 495 (2d Cir. 2006). Thus, this Court will apply New York law to determine whether jurisdiction over Defendants may be exercised.

New York law provides for jurisdiction over the person if the defendant is "doing business" in New York, or if the defendant is within the reach of New York's long-arm statute. Under either method, the exercise of personal jurisdiction must comport with due process. 5-Star Management, Inc. v. Rogers, 940 F.Supp. 512, 516 (E.D.N.Y. 1996).

A defendant is "doing business" in New York if he engages in a "continuous and systematic course of conduct in New York." Mareno v. Rowe, 910 F.2d 1043, 1046 (2d Cir. 1990). Plaintiff has failed to provide sufficient factual allegations to establish that any Defendant in this case is "doing business" in New York. Plaintiff does make the conclusory statement that the hospital "contracts business within New York." See Complaint p. 2. However, this statement by itself is insufficient to find that the hospital or any other Defendant is "doing business" in New York. Plaintiff offers no factual allegations to support her assertion that the hospital has entered into contracts in New York. The only factual allegation of direct contact between any Defendant and the state of New York concerns the single transmission of her child's medical record to a pediatrician in New York. See Complaint p. 4, 6, 7, 10, 11. Assuming that this allegation is true, a single interaction with the state of New York is insufficient to find a continuous and systematic course of conduct that would meet the standard of "doing business" by any of the named Defendants.

3

Plaintiff has also failed to establish that personal jurisdiction exists under New York's long-arm statute. The long-arm statute allows a court to exercise personal jurisdiction over a foreign defendant if any of the following circumstances are met: (1) the defendant transacts business within the state or supplies goods or services in the state; (2) the defendant commits a tortious act within the state; (3) the defendant, from outside the state, causes injury to persons or property within the state and he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and defendant derives substantial revenue from interstate or international commerce; or (4) the defendant owns, uses or possesses any real property situated within the state. N.Y.C.P.L.R. § 302(a).[2]

The Plaintiff has failed to provide sufficient factual allegations to support a finding that the any of the Defendants transact business within the state of New York pursuant to N.Y.C.P.L.R. § 302(a)(1). To transact business in New York a party must purposefully avail themselves of the privileges of conducting business in New York in a manner that invokes the benefits and protections of its laws. United Computer Capitol Corp. v. Secure Products, L.P., 218 F.Supp.2d 273, 277 (N.D.N.Y. 2002). A Court is required to look at the totality of the circumstances to determine if purposeful activity exists, and may not subject a defendant to jurisdiction based on "random, fortuitous, or attenuated contacts." Id. Plaintiff fails to provide

---

[2] Jurisdiction pursuant to N.Y.C.P.L.R. §§ 302(a)(2) and 302(a)(4) are not discussed. Plaintiff does not assert that Defendants were present in the state of New York during the commission of the alleged torts. Plaintiff does not assert that Defendants own, use, or possess real property in New York.

factual allegations sufficient to support such a finding. As discussed above, Plaintiff's conclusory statement that the hospital "contracts business within New York" is insufficient to find that the hospital transacts business in New York. Similarly, Plaintiff's allegation that the hospital transmitted her child's medical record to a pediatrician in New York does not support a finding that Defendants transact business within the state. See Complaint p. 4, 6, 7, 10, 11.

Plaintiff has failed to assert sufficient facts to find jurisdiction pursuant N.Y.C.P.L.R. § 302(a)(3)(i), which provides jurisdiction over a defendant who commits a tortious act outside of the state causing injury to a person or property within the state if the defendant solicit business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the state. Once again, Plaintiff simply offers the conclusory statement that the hospital "contracts business within the state of New York." See Complaint p. 2. This statement alone is insufficient to find that the hospital or any named Defendant solicits business or engages in any other persistent course of conduct in the state of New York.

The only plausible method to establish jurisdiction under New York's long-arm statute is via § N.Y.C.P.LR. § 302(a)(3)(ii), which provides jurisdiction if a defendant commits a tortious act outside of the state causing injury to person within the state, if the defendant expects or should reasonably expect the act to have consequences in the state, and the defendant derives substantial revenue from interstate or international commerce. For this Court to assert jurisdiction over Defendants pursuant to § 302(a)(3)(ii), the following five elements must be met: (1) Defendants must have committed a tortious act outside New York, (2) Plaintiff's cause of action must arise from that act, (3) the act must cause injury to Plaintiff within New York, (4) the Defendants must have reasonably expected that the act would have consequences in New York,

5

and (5) the Defendants must derive substantial revenue from interstate or international commerce. Hein v. Cuprum, S.A. de CV., 136 F.Supp.2d 63, 67 (N.D.N.Y. 2001).

Plaintiff argues in her response that she has established the following: (1) Defendants committed a tortious act outside of New York by negligently mailing a false medical record from Toronto into New York, (2) her suit arises from Defendants' actions, (3) that Defendants' actions caused her harm due to the extreme embarrassment she has endured at the office of her daughter's pediatrician, (4) Defendants should have reasonably expected such consequences, and (5) that Defendants derive substantial revenue from interstate or international commerce. To support her contention that Defendants derive a substantial amount of revenue from interstate or international commerce, Plaintiff states that the Hospital boasts of international partnerships and treats numerous American patients. See Plaintiff's response p. 8. Plaintiff makes no assertion that any individual defendant derives revenue from interstate or international commerce.

To further support her position, Plaintiff argues that the commerce requirement of N.Y.C.P.L.R. § 302(a)(3)(ii) is interpreted by New York courts as merely a method to determine whether a defendant is economically large enough to defend themselves in New York. See Plaintiff's Response at 6; citing to Roberts -Gordon, LLC v. Superior Radiant Products, Ltd., 85 F.Supp.2d 202 (W.D.N.Y. 2000). Plaintiff is partially correct. However, the Court in Roberts also indicated that the commerce prong of the statute is designed to preclude the exercise of jurisdiction over non-resident businesses whose operations are of a local character. Roberts at 216. See also LaMarca v. Pak-Mor Manufacturing Co., 95 N.Y.2d 210, 215 (2000). It is this interpretation that prevents this Court from asserting jurisdiction over the Defendants.

The Court of Appeals of New York has held that physicians operate businesses of a local character and are thus not subject to jurisdiction under N.Y.C.P.L.R. § 302(a)(3)(ii). Ingraham v. Carroll, 90 N.Y.2d 592, 598 (1997). In Ingraham the Court held that a physician who practiced in Vermont did not derive "substantial interstate revenue" from interstate commerce even though he regularly received patient referrals from a HMO in New York. Id. Doctors often treat patients from other states, but patient diversity does not convert a local business into an interstate business activity. Id. Physicians are not like a manufacturer who introduces a product into the stream of commerce. Id. at 599-600.

Defendant Kofi Amankwah asserts that he was employed by the hospital as the Associate Chief of Obstetrics and Gynecology. See Declaration of Kofi Amankwah ¶ 3. Plaintiff refers to Serge Shapiro as the staff psychologist at the hospital. See Complaint p. 2. As a physicians, Amankwah and Shapiro provide services of a local character and are thus precluded from jurisdiction pursuant to N.Y.C.P.L.R. § 302(a)(3)(ii).

The hospital asserts in its declaration that all hospital services are rendered in Canada, with its principal place of business in Toronto, Ontario. See Declaration of Michael Young ¶¶ 2, 6. Plaintiff alleges that the hospital sees American patients who are in Toronto, and that the hospital portrays itself as an international network. Plaintiff offers no support for her assertion that the hospital is a partner in an international network. See Plaintiff's response p. 8. A hospital that offers treatment with the knowledge that a patient is from a differing state is no different than a physician. Although a hospital as an entity is responsible for the treatment of a higher volume of patients, a hospital is fundamentally a business of local character. Jurisdiction cannot be established solely upon the pool of patients treated by the hospital.

Defendants Thompson and Stanley are merely employees of the hospital. Defendant Anne Thompson is employed as the Risk Manager of the hospital. See Declaration of Anne Thompson ¶ 3 and Complaint p. 2. Defendant Anita Stanley is employed as a Correspondence Technician in Health Data Resources at the hospital. See Declaration of Anita Stanley ¶ 3. Thompson and Stanley as individuals do not receive revenue from interstate or international commerce and are thus not subject to N.Y.C.P.L.R. § 302(a)(3)(ii).

This Court finds that Plaintiff has failed to plead a prima facie case sufficient to support a finding of personal jurisdiction over any of the Defendants in this matter. There is no basis for this Court to conclude it has jurisdiction over Defendants or that venue is proper in this district. Because the Court finds that personal jurisdiction is not proper the issue of forum non conveniens is not addressed.

## CONCLUSION

For the reasons stated above, Plaintiff's claims are hereby **DISMISSED WITHOUT PREJUDICE.**

**THUS DONE AND SIGNED** this 19th day of March, 2007.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE